3049345-LRB/AMF                                                    #6206641/#6315346

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DEREK VAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | |
| NORDSTROM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

NOW COMES the Defendant, NORDSTROM, INC., by and through its attorneys, Lew R.C. Bricker and Anne M. Fishbeck of SmithAmundsen LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, state as follows:

1.      This matter arises from an alleged June 25, 2019, incident at a Nordstrom retail store in Chicago, Cook County, State of Illinois. (*See* Complaint at Law attached as Exhibit A). Plaintiff, Derek Van, alleges that he sustained "serious and permanent bodily injuries that caused him to suffer pain, discomfort, mental anguish, disfigurement, disability, and loss of normal life and are reasonably certain to cause him to suffer pain, discomfort, mental anguish, disfigurement, disability, and loss of a normal life in the future." (Ex. A, ¶ 10).

2.      On June 1, 2021, the Plaintiff filed a Complaint in the Circuit Court of Cook County, Illinois bearing Case No. 2021 L 005613. (Ex. A.)

3. Defendant, Nordstrom, Inc., seeks to remove this matter based upon subject matter jurisdiction conferred by diversity of citizenship and amount in controversy, as established in 28 U.S.C. § 1332.

4. Shown below, diversity of citizenship exists, the Defendant asserts a good faith basis that the amount in controversy exceeds $75,000.00, and Removal is timely.

## ARGUMENT

**Diversity of Citizenship Exists**

5. Plaintiff, Derek Van, is currently and was at the time of the subject incident domiciled, a citizen and resident of the State of Illinois.

6. At the time of the subject accident, at the time the Complaint was filed in the Circuit Court of Cook County, and at the present time, Defendant, Nordstrom, Inc., was and is a citizen of the State of Washington. The United States Supreme Court determined that a corporation is a citizen of both (1) every state where it is incorporated, and (2) the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

7. At the time of the occurrence, at the time the Complaint was filed in the Circuit Court of Cook County, and at the present time, Defendant, Nordstrom, Inc., was and is incorporated in the State of Washington. (*See* Nordstrom, Inc.'s Business Information with the Washington Secretary of State Corporations and Charities Filing System attached as Exhibit B).

8. The United States Supreme Court stated that a corporation's principal place of business is determined by the "nerve center" test. The Court explained that:

> … the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the …corporation's nerve center. And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center, and not simply an office where

the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp.*, 559 U.S. at 92-93. At the time of the alleged subject occurrence, at the time the Complaint was filed in the Circuit Court of Cook County, and at the present time, Defendant, Nordstrom, Inc., maintained its principal place of business in Seattle, Washington. (Ex. B).

9.      Thus, Nordstrom, Inc. meets both prongs of citizenship laid out by the United States Supreme Court and is deemed a citizen of the State of Washington.

10.     Complete diversity of citizenship exists between Plaintiff, Derek Van, and Defendant Nordstrom, Inc.

**The Amount in Controversy Exceeds $75,000.00**

11.     Plaintiff alleges in his complaint that as a result of the incident sustained "serious and permanent bodily injuries that caused him to suffer pain, discomfort, mental anguish, disfigurement, disability, and loss of normal life and are reasonably certain to cause him to suffer pain, discomfort, mental anguish, disfigurement, disability, and loss of a normal life in the future" (Ex. A, ¶ 10).

12.     Plaintiff demands judgment against Defendant, Nordstrom, Inc., for a sum in excess of $50,000.00. (Ex. A.). This prayer for relief is confirmed by the Rule 222(b) Affidavit that certifies, "the total money damages sought in this case does exceed $50,000.00." (*See* Ex. A at p. 12).

13.     Counsel for Defendant, Nordstrom, Anne M. Fishbeck, spoke to counsel for plaintiff, Scot Libersher on July 6, 2021, at which time he confirmed that the amount in controversy exceeds $75,000.00.

**Removal Is Timely Filed**

14.     This Notice of Removal was filed within (30) thirty days of "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

15.     Plaintiff filed his Complaint at Law on June 1, 2021. (*See* Exhibit A.)

16.     Service was achieved on Defendant, Nordstrom, Inc. on or about June 16, 2021. (Ex. A).

17.     As established in this Notice, Defendant has properly filed its Notice of Removal within the applicable thirty-day period. The time period set forth in §1446 is mandatory and should be strictly construed. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir. 1982). Defendant has complied with this thirty-day deadline. Therefore, Defendant's Notice of Removal is timely filed.

18.     As required by 28 U.S.C. §1446(d), the movant will promptly serve upon Plaintiff's counsel and file with the Circuit Court of Cook County a true and correct copy of this Notice.

19.     As required by 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendant in this action is attached hereto. (*See* Ex. A).

20.     By removing this action, Defendant does not waive any defenses available to it.

21.     If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

22.     This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Nordstrom, Inc., by and through its attorneys, Lew R.C. Bricker and Anne M. Fishbeck of SmithAmundsen LLC, pray that this Honorable Court retain jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Movant further prays should this Court require hearing that it be afforded the opportunity to present a brief and oral argument in support of its position. Defendant prays for further and other relief as this Court deems proper and just.

Respectfully submitted,

s/ Anne M. Fishbeck

By:    Anne M. Fishbeck – Bar Number 6315346
Attorney for Defendant,
Nordstrom, Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 894-3200
Fax: (312) 894.3210
E-Mail: afishbeck@salawus.com

Lew R.C. Bricker
Anne M. Fishbeck
Attorneys for Defendant,
Nordstrom, Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 894-3200
Fax: (312) 894.3210
E-Mail: lbricker@salawus.com
      afishbeck@salawus.com

3048400-LRB/AMF                                            #6206641/#6315346

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DEREK VAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| NORDSTROM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on the **12th day of July, 2021**, she served a copy of **Notice of Removal** on:

Libersher Law Office LLC
161 N. Clark Street, 16th Floor
Chicago, Illinois 60601
slibersher@libersherlaw.com

via e-mail and first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, into the U.S. Mail at 150 North Michigan, Chicago, Illinois before 5:00 p.m. on the 12th day of July, 2021.

[x]     Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.Executed on: July 12, 2021
s/ Anne M. Fishbeck_____

Lew R.C. Bricker
Anne M. Fishbeck
Attorneys for Defendant,
Nordstrom, Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601