

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Nordstrom, Inc.  
Anne Loucks Senior Corporate Counsel  
Nordstrom, Inc.  
1700 7th Avenue, Suite 700  
Seattle WA 98101

06/17/2021

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2021-981

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Nordstrom, Inc. |
| 2. | **Title of Action:** | Derek Van vs. Nordstrom, Inc. |
| 3. | **Document(s) Served:** | Summons<br>Complaint at Law<br>Affidavit Pursuant to Illinois Supreme Court Rule 222<br>Civil Action Cover Sheet |
| 4. | **Court/Agency:** | Cook County Circuit Court |
| 5. | **State Served:** | Illinois |
| 6. | **Case Number:** | 2021L005613 |
| 7. | **Case Type:** | Other Personal Injury / Wrongful Death / Premises Liability |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Wednesday 06/16/2021 |
| 10. | **Date to Client:** | Thursday 06/17/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Friday 07/16/2021    <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Libersher Law Office LLC<br>Chicago, IL<br>312-585-7268 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 141 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

EXHIBIT A

## In The Circuit Court of Cook County, Illinois
## County Department, Law Division

| | | |
|---|---|---|
| Derek Van, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2021L005613 |
| | ) | |
| vs. | ) | **Please Serve:** |
| | ) | Nordstrom, Inc. |
| Nordstrom, Inc., | ) | Care of Registered Agent: |
| | ) | Corporate Creations Network |
| | ) | 350 S. Northwest Highway, #300 |
| Defendants. | ) | Park Ridge, IL 60068 |
| | ) | |

### Summons

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30)days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer: This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Witness: .....................................20.....
6/1/2021 3:38 PM IRIS Y. MARTINEZ
.................................................
Clerk of Court

Date of Service: ................20.....
(To be inserted by officer on copy left with
Defendant or other person)

Attorney No. 63077
Libersher Law Office LLC
161 N. Clark Street, 16th Floor
Chicago, IL 60601
slibersher@libersherlaw.com
312-585-7268

* 5 0 0 8 1 4 7 2 *

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

\* 5 0 0 8 1 4 7 2 \*

## In The Circuit Court of Cook County, Illinois
## County Department, Law Division

| | |
|---|---|
| Derek Van, | ) |
|         Plaintiff, | ) Case No. 2021L005613 |
| vs. | ) **Please Serve:** |
| | ) Nordstrom, Inc. |
| Nordstrom, Inc., | ) Care of Registered Agent: |
| | ) Corporate Creations Network |
| | ) 350 S. Northwest Highway, #300 |
|         Defendants. | ) Park Ridge, IL 60068 |

### Summons

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30)days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer: This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Witness: ...........................20.....
6/1/2021 3:38 PM IRIS Y. MARTINEZ
.....................................................
Clerk of Court

Date of Service: ...............20.....
(To be inserted by officer on copy left with Defendant or other person)

Attorney No. 63077
Libersher Law Office LLC
161 N. Clark Street, 16th Floor
Chicago, IL 60601
slibersher@libershlaw.com
312-585-7268

* 5 0 0 8 1 4 7 2 *

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

\* 5 0 0 8 1 4 7 2 \*
FILED
6/1/2021 3:38 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13525982

**In The Circuit Court of Cook County, Illinois**
**County Department, Law Division**

| | | |
|---|---|---|
| Derek Van, | ) | |
|     Plaintiff, | ) | No.: 2021L005613 |
| vs. | ) | |
| Nordstrom, Inc. | ) | |
|     Defendant. | ) | |

**Complaint At Law**

**Count I – Common Law Negligence**

NOW COMES the Plaintiff, Derek Van, by and through his attorney, Libersher Law Office, and complains of the Defendant, Nordstrom, Inc., as follows:

1. On June 25, 2019, and at all times relevant hereto, the Defendant, Nordstrom, Inc., was a corporation located and doing business in the City of Chicago, County of Cook, and State of Illinois.

2. On June 25, 2019, and at all times relevant hereto, the Plaintiff, Derek Van, was a resident of the City of Chicago, County of Cook, and State of Illinois.

3. On June 25, 2019, and at all times relevant hereto, the Defendant, Nordstrom, Inc., was the owner, possessor, operator, manager, maintainer, and controller, of the premises located at 55 East Grand Avenue, Chicago, IL 60611.

4. On June 25, 2019, Derek Van, worked for DHL as a delivery driver and was making a delivery at 55 East Grand Avenue, Chicago, IL 60611, which was owned, possessed, operated, managed, maintained, and controlled by the Defendant, Nordstrom, Inc.

5. On June 25, 2019, the Plaintiff, Derek Van, was lawfully on said premises, while making said delivery at 55 East Grand Avenue, Chicago, IL 60611.

1

6. That on June 25, 2019, and at all times relevant hereto, Defendant, Nordstrom, Inc., owed Plaintiff, and others a duty to exercise reasonable care in the ownership, possession, operation, management, maintenance, and control of said premises for the safety of those lawfully on their property and to make inspection or repairs of their property in a reasonable and correct manner.

7. That on June 25, 2019, while Plaintiff, Derek Van, was making said delivery at said premises in a loading dock area, a guardrail was missing causing an unsafe condition wherein, the Plaintiff fell off a raised loading dock injuring himself.

8. That on June 25, 2019, and at all times relevant hereto, Defendant, Nordstrom, breached aforesaid duty in the following ways:

   a. Carelessly and negligently failed to use guardrails on a raised loading dock area;

   b. Carelessly and negligently removed guardrails on a raised loading dock area;

   c. Carelessly and negligently allowed a raised loading dock area to be used by delivery persons with missing guardrails;

   d. Carelessly and negligently failed to instruct its agents, employees, or servants in proper safety procedures for the use of guardrails while delivery persons were present in the raised loading dock area;

   e. Carelessly and negligently failed to properly maintain and/or repair guardrails in the raised loading dock area;

   f. Carelessly and negligently failed to properly and adequately secure guardrails to raised loading dock area so that individuals, including the

plaintiff, would not fall off the raised loading dock area during normal use;

g. Carelessly and negligently failed to remove said unreasonably dangerous condition upon the property by having guardrails present in the raised loading dock area;

h. Carelessly and negligently failed to take precautions to protect persons lawfully on the property from said unreasonably dangerous condition, which was the missing guardrails in the raised loading dock area;

i. Carelessly and negligently failed to warn persons lawfully on the property about said unreasonably dangerous condition, which was the missing guardrails in the loading dock area;

j. Carelessly and negligently failed to adequately and properly maintain the raised loading dock area in a safe condition by using guardrails;

k. Carelessly and negligently failed to barricade or block off said raised loading dock area where guardrails were missing, and thus exposing Plaintiff and others to the dangerous condition.

l. Carelessly and negligently inspected and controlled the unreasonably dangerous condition of a raised loading dock area with missing guardrails despite voluntarily undertaking the duty to do so, such that the unreasonably dangerous condition on the day in question was not reasonably discovered and was allowed to exist and continue for some time prior to the plaintiff's fall; and

      m.    Was otherwise careless and negligent in the ownership and maintenance of said premises.

9. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, Nordstrom, Inc., Plaintiff fell from a raised loading dock area, causing bodily injury.

10. As a direct and proximate result of the negligence of the Defendant, Nordstrom, Inc., the Plaintiff, Derek Van, suffered serious and permanent bodily injuries that caused him to suffer pain, discomfort, mental anguish, disfigurement, disability, and loss of a normal life and are reasonably certain to cause him to suffer pain, discomfort, mental anguish, disfigurement, disability, and loss of a normal life in the future; Plaintiff has lost earnings and benefits and is reasonably certain to lose earnings and benefits in the future; and Plaintiff has incurred medical, nursing, and hospital expenses, and is reasonably certain to incur medical, nursing, and hospital expenses in the future.

WHEREFORE, the Plaintiff, Derek Van, demands judgment against the Defendant, Nordstrom, Inc., in a dollar amount in excess of the jurisdictional requirements of this court and such additional amounts as the jury and the Court shall deem proper, and additionally, the costs of said suit.

### Count II – Premise Liability Act

NOW COMES the Plaintiff, Kris Lenzo, by and through his attorney, Libersher Law Office, and complains of the Defendant, Nordstrom, Inc., as follows:

1. On June 25, 2019, and at all times relevant hereto, the Defendant, Nordstrom, Inc., was a corporation located and doing business in the City of Chicago, County of Cook, and State of Illinois.

2. On June 25, 2019, and at all times relevant hereto, the Plaintiff, Derek Van, was a resident of the City of Chicago, County of Cook, and State of Illinois.

3. On June 25, 2019, and at all times relevant hereto, the Defendant, Nordstrom, Inc., was the owner, possessor, operator, manager, maintainer, and controller, of the premises located at 55 East Grand Avenue, Chicago, IL 60611.

4. On June 25, 2019, Derek Van, worked for DHL as a delivery driver and was making a delivery at 55 East Grand Avenue, Chicago, IL 60611, which was owned, possessed, operated, managed, maintained, and controlled by the Defendant, Nordstrom, Inc.

5. On June 25, 2019, the Plaintiff, Derek Van, was lawfully on said premises, while making said delivery at 55 East Grand Avenue, Chicago, IL 60611.

6. On June 25, 2019, and at all times relevant hereto, there was in existence in the State of Illinois the Premises Liability Act, 740 ILCS 130 et seq.

7. On June 25, 2019, and at all times relevant hereto, pursuant to said Act, the Defendant owed Plaintiff a duty of reasonable care regarding the state of their premises.

8. On June 25, 2019, and at all times relevant hereto, Plaintiff, Derek Van, was not a trespasser and was lawfully on Defendant's property.

9. On June 25, 2019, there existed on Defendant's property a dangerous condition, which was a unreasonably dangerous missing guardrail on the raised loading dock area of the Defendant's premises.

10. On June 25, 2019, and at all times relevant hereto, there existed a duty upon Defendant to properly own, possess, operate, manage, maintain, and control said loading dock and guardrail in a reasonably safe condition for the use of those lawfully on the property, and to discover and repair any defects in said loading dock and guardrail.

11. On June 25, 2019, Defendant either knew or should have known, of the risk of failing to have guardrails on the raised loading dock and knew or should have known that injury due to the lack of guardrails was foreseeable and likely.

12. On June 25, 2019, Defendant should have known that there was a reasonable likelihood that delivery persons, including the Plaintiff, would not discover or realize the missing guardrail, or would fail to protect themselves against it.

13. The burden against guarding against such a foreseeable and likely injury in this case was minimal to the Defendant.

14. The consequences of placing any burden on the Defendant in this case was extremely slight.

15. Despite the above, the Defendant failed to exercise reasonable care to protect Plaintiff against said unreasonable danger.

16. That on June 25, 2019, while Plaintiff, Derek Van, was making said delivery at said premises in a loading dock area, a guardrail was missing causing an unsafe condition wherein, the Plaintiff fell off a raised loading dock injuring himself.

17. That on June 25, 2019, and at all times relevant hereto, Defendant, Nordstrom, breached aforesaid duty in the following ways:

    a. Failed to use guardrails on a raised loading dock area;

    b. Removed guardrails on a raised loading dock area;

    c. Allowed a raised loading dock area to be used by delivery persons with missing guardrails;

d. Failed to instruct its agents, employees, or servants in proper safety procedures for the use of guardrails while delivery persons were present in the raised loading dock area;

e. Failed to properly maintain and/or repair guardrails in the raised loading dock area;

f. Failed to properly and adequately secure guardrails to raised loading dock area so that individuals, including the plaintiff, would not fall off the raised loading dock area during normal use;

g. Failed to remove said unreasonably dangerous condition upon the property by having guardrails present in the raised loading dock area;

h. Failed to take precautions to protect persons lawfully on the property from said unreasonably dangerous condition, which was the missing guardrails in the raised loading dock area;

i. Failed to warn persons lawfully on the property about said unreasonably dangerous condition, which was the missing guardrails in the loading dock area;

j. Failed to adequately and properly maintain the raised loading dock area in a safe condition by using guardrails;

k. Failed to barricade or block off said raised loading dock area where guardrails were missing, and thus exposing Plaintiff and others to the dangerous condition.

l. Failed to adequately and properly inspect and control the unreasonably dangerous condition of a raised loading dock area with missing guardrails

despite voluntarily undertaking the duty to do so, such that the unreasonably dangerous condition on the day in question was not reasonably discovered and was allowed to exist and continue for some time prior to the plaintiff's fall; and

18. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant, Nordstrom, Inc., Plaintiff fell from the raised loading dock area, causing bodily injury.

19. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant, Nordstrom, Inc., the Plaintiff, Derek Van, suffered serious and permanent bodily injuries that caused him to suffer pain, discomfort, mental anguish, disfigurement, disability, and loss of a normal life and are reasonably certain to cause him to suffer pain, discomfort, mental anguish, disfigurement, disability, and loss of a normal life in the future; Plaintiff has lost earnings and benefits and is reasonably certain to lose earnings and benefits in the future; and Plaintiff has incurred medical, nursing, and hospital expenses, and is reasonably certain to incur medical, nursing, and hospital expenses in the future.

WHEREFORE, the Plaintiff, Derek Van, demands judgment against the Defendant, Nordstrom, in a dollar amount in excess of the jurisdictional requirements of this court and such additional amounts as the jury and the Court shall deem proper, and additionally, the costs of said suit.

_____
Scot R. Libersher

Libersher Law Office LLC
161 N. Clark Street, 16th Floor
Chicago, IL 60601
312.585.7268
slibersher@libershlerlaw.com
Attorney No. 63077

\* 5 0 0 8 1 4 7 2 \*
FILED
6/1/2021 3:38 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13525982

## In The Circuit Court of Cook County, Illinois
## County Department, Law Division

| | | |
|---|---|---|
| Derek Van, | ) ) | |
| Plaintiff, | ) ) | No. 2021L005613 |
| vs. | ) ) ) | |
| Nordstrom, Inc. | ) ) | |
| Defendant. | ) ) | |

### Affidavit Pursuant to Illinois Supreme Court Rule 222

I, Scot R. Libersher, attorney for the Plaintiff, states that the amount of money damages sought exceeds $50,000.00.

Scot R. Libersher
Attorney for the Plaintiff

Libersher Law Office LLC
161 N. Clark Street, 16th Floor
Chicago, IL 60601
312.585.7268
slibersher@libersherlaw.com
Attorney No. 63077

Civil Action Cover Sheet - Case Initiation (05/27/16) CCL 0520

*5008 1472*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Derek Van

v.

Nordstrom, Inc.

No. 2021L005613

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☐ Yes ■ No

FILED
6/1/2021 3:38 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
13525982

(FILE STAMP)

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ■ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ■ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

By: Scot R. Libersher, Libersher Law Office
(Attorney) (Pro Se)

### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please specify below.**)
- ☐ 075 Other Commercial Litigation
  (Please specify below.**)
- ☐ 076 Retaliatory Discharge

### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

**_____
_____

Primary Email: slibersher@libershlaw.com

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the Clerk's Office for this case at this email address: _____

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

JUN 1 6 2021